UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS P. ATHRIDGE,<br>Individually and as<br>Father and Next Friend of<br>THOMAS P. ATHRIDGE, Minor,<br>         Plaintiffs,<br><br>         v.<br><br>FRANCISCO RIVAS,<br>CHURRERIA MADRID RESTAURANT,<br>CHURRERIA MADRID RESTAURANT,<br>INC.,<br>         Defendants. | Civil Action No. 89-1222 (JMF) |
| THOMAS P. ATHRIDGE, SR.,<br>THOMAS P. ATHRIDGE, JR.,<br>MARY T. ATHRIDGE,<br>         Plaintiffs,<br><br>         v.<br><br>HILDA RIVAS,<br>         Defendant. | Civil Action No. 92-1868 (JMF) |

**MEMORANDUM OPINION**

These consolidated cases were referred to me, upon consent of the parties, for all purposes including trial. Currently before me are two motions: defendants' Consent Motion to Deposit Funds Into the Registry of the Court ("Mot. to Deposit") and Motion of Defendants to Stay Execution of Judgment Pending Appeal ("Mot. to Stay"). For the reasons stated herein, defendants' motions will be denied without prejudice.

**I.   BACKGROUND**

These cases arise out of a car accident that occurred in July 1987. Specifically, Jorge

Iglesias ("Iglesias") drove a car belonging to his aunt and uncle ("the Rivases"), while they were in South America, and he collided with a young man named Thomas Athridge. Thomas Athridge and his parents ("plaintiffs" or "the Athridges") filed several lawsuits, naming as defendants Iglesias, the Rivases, the restaurant owned by the Rivases, and two insurance companies.

After a bench trial in 1996, Judge Greene issued an opinion finding that Iglesias was negligent, that his negligence proximately caused the injuries Thomas Athridge suffered, and that Iglesias had the last clear chance to avoid the accident but failed to take it. Judge Greene awarded $5,510,010.78 to the Athridges, and the judgment was summarily affirmed on appeal. Athridge v. Iglesias, 950 F. Supp. 1187 (D.D.C. 1996), aff'd without opinion, 1997 WL 404854 (D.C. Cir. June 30, 1997).

In December 1999, the cases brought by the Athridges against the Rivases were referred to me for all purposes including trial. A trial was held in January 2005, and the following two issues were presented to the jury: (1) whether the defendants established by a preponderance of the evidence that they did not consent to Iglesias' use of their car; and (2) whether the plaintiffs established by a preponderance of the evidence that the defendants were negligent in permitting Iglesias access to the keys to their car and, if so, whether their negligence proximately caused the accident. On January 12, 2005, the jury returned a verdict in favor of plaintiffs and against the Rivases on both counts. Final Judgment was entered on August 15, 2005 awarding plaintiffs $5,510,010.78 plus costs.

On August 24, 2005, defendants filed a renewed motion for judgment as a matter of law and, in the alternative, for a new trial. On March 23, 2006, I denied defendants' motion.

Defendants have since appealed that denial and moved for a stay of execution of the $5,510,010.78 judgment pending resolution of their appeal by posting a supersedeas bond in the amount of $100,000, the asserted limit of the Rivases' policy with GEICO Insurance Company ("GEICO").

## II.   DISCUSSION

Under Rule 62(d) of the Federal Rules of Civil Procedure, an appellant can obtain an automatic stay of execution of judgment pending the resolution of its appeal by posting a supersedeas bond with the district court. Fed. R. Civ. P. 62(d). "The purpose of the supersedeas bond is to secure the appellee from loss resulting from the stay of execution." Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 760 (D.C. Cir. 1980). "Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances . . . ." Id. "In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery." Id. at 760-61.  See also Perles v. Kagy, No. 01-0105, 2005 WL 3262905, at *2 (D.D.C. Aug. 29, 2005); Grand Union Co. v. Food Employers Labor Relations Ass'n, 637 F. Supp. 356, 357 (D.D.C. 1986).  Before a court will depart from the usual requirement of a bond for the full amount of the judgment, the moving party must "objectively demonstrate the reasons for such a departure." Grand Union, 637 F. Supp. at 357 (quoting Poplar Grove Planting and Refining Co. v. Bache Hasley Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)). See also De La Fuente v. DCI Telecomm., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) ("Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond

has the burden of providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment.")

In their two paragraph motion, defendants ask the Court to stay the execution of judgment "upon the posting of a reasonable supersedeas bond on appeal." Mot. to Stay at 2. Defendants' argument consists entirely of the following: "defendants urge this Court to set a Supersedeas Bond amount that is reasonable under the circumstances and recognizing that the defendants herein, individuals, have limited ability to post a Supersedeas Bond in the full amount of the Judgment and Post Trial interest." Id.  Defendants do not state what amount would constitute the requested "reasonable bond," but, in their corresponding motion to deposit funds, they seek "an Order permitting defendant's liability insurance carrier GEICO to deposit its $100,000d [sic] liability insurance policy limits into the Registry of the Court." Mot. to Deposit at 1.  Therefore, it appears that defendants are asking me to allow a stay upon the posting of a supersedeas bond in the amount of $100,000.

According to defendants, plaintiffs will only consent to their motion for a stay of execution of judgment if a supersedeas bond is posted for the *full* amount of the judgment plus post-judgment interest. Mot. to Stay at 2.  Plaintiffs also explain that, while they do not object to GEICO's depositing of $100,000 in the Court's registry, it would not affect defendants' or their insurer's judgment obligations; they do not agree that $100,000 represents the limits of the liability insurance policy. Plaintiffs' Response to Defendants' Consent Motion to Deposit Funds Into Registry of the Court at 1.

Defendants have utterly failed to meet their burden to objectively demonstrate why I

should depart from the usual requirement of a supersedeas bond for the full amount of the judgment. They have not even attempted to explain why, other than the fact that they are "individuals," they could not post a bond for the full amount. More significantly, they have not explained why a $100,000 bond would not endanger plaintiffs' interest in ultimately recovering the $5,510,010.78 judgment.

     Even if I were to allow a stay of execution upon less than the full amount of the judgment, defendants do not explain why GEICO's responsibility should be limited to $100,000. While some courts have held that an insurance company is not required to post a supersedeas bond for the portion of a judgment that is in excess of the policy limits, the existence of such an obligation is ultimately a question of contract. See Courvoisier v. Harley Davidson of Trenton, Inc., 162 N.J. 153, 160 (N.J. Sup. 1999) (insurer allowed to obtain a stay of judgment up to its policy limit by posting a bond in an amount equal to the policy limit rather than the full judgment); Buford Equipment Co., Inc. v. Centennial Ins. Co., 857 F. Supp. 1499, 1504-05 (M.D. Ala. 1994) (based on the language of the insurance policy, insurer was required to post supersedeas bond in the full amount of judgment even though it was in excess of the policy's liability limit); Bergeson v. Dilworth, 749 F. Supp. 1555, 1558 (D. Kan. 1990) ("If [insurer] were required to post a full supersedeas bond prior to any finding of liability for an amount in excess of the policy, [insurer] would place at risk an amount that it has no obligation to pay at this point."); 22 Eric Mills Holmes, Holmes' Appelman on Insurance § 136.11 (2d ed. 2003) ("[c]ertain policies contain provisions extending the duty of the insurer to the payment of all premiums on appeal bonds"). At the very least, in order to protect the insured's property, the insurance company should be obligated to *help* the insured arrange for a bond or other surety for

the excess judgment. See Bowen v. Gov't Employees Ins. Co., 451 So. 2d 1196, 1198 (La. Ct. App. 1984) ("insurer's duty to act in good faith requires it to assist the insured in attempting to arrange a bond for the amount in excess of the policy limits"); 22 Eric Mills Holmes, Holmes' Appelman on Insurance § 136.11 (2d ed. 2003) ("The insurer's duty to act in good faith and provide a defense to its insured should at least obligate the insurer to help the insured arrange for a bond in the amount of a judgment greater than the policy limits.")

Accordingly, I will not stay the execution of judgment pending the resolution of defendants' appeal absent a specific showing of why a reduced supersedeas bond would be appropriate under the circumstances and why plaintiffs' interests would not be endangered. Further, because no stay will be granted, no purpose would be served by depositing $100,000 into the Court's registry.

### III. CONCLUSION

For the foregoing reasons, defendants' consent motion to deposit funds into the Court's registry and motion to stay execution of judgment pending appeal will be denied without prejudice.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: